# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

    **Petitioner,**

-vs-                 Case No. 2:07-cv-229-FtM-34DNF

**ROBERT S. MORSE,**

    **Respondent.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This action is before the Court for judicial enforcement of an Internal Revenue Service ("IRS") summons pursuant to 28 U.S.C. §§7402(b) and 7604(a) on the Petition to Enforce Internal Revenue Summons (Doc. 1) filed by the United States on March 1, 2007. This matter was referred to this Court pursuant to Local Rule 6.01(c)(11).

  The Petition is to enforce an IRS summons against the Respondent, Robert S. Morse ("Morse"). The IRS is bringing a collection action against Morse for the tax years 1996, 1997, and 1998. The Summons requests that Morse provide for examination books, records, papers and other data relating to the tax liability or the collection of tax liability for these years as well as provide testimony. The Petition alleges that the Summons was issued on October 4, 2004, and upon mutual agreement Morse was to appear on November 19, 2004. Morse did appear on that dated but failed to comply with the summons.

An Order to Show Cause (Doc. 3) was issued by the Court on March 8, 2007, requiring Morse to appear on May 9, 2007, for a hearing to show cause why he should not be compelled to comply with the IRS Summons. On April 9, 2007, Morse filed a Motion to Vacate Order to Show Cause (Doc. 4). In the Motion to Vacate, Morse asserts that the collection action is based upon "an uncertified and fraudulent Notice of Federal Tax Lien" filed by the IRS on August 2, 2004. He argues that the Federal Income Tax liabilities are unfounded, invalid and without merit. He also claims that the IRS lacks standing based upon the IRS agreeing to the 1040 forms that he filed for the tax years at issue. Morse has challenged the validity of the underlying assessment in a separate action. The separate action was recently removed to federal court and was assigned Case No. 2:07-cv-249-FtM-34DNF. Morse also claims that this court lacks jurisdiction to hear this matter.

A hearing was held on May 9, 2007, and at that hearing, Morse argued he has complied with the Summons by producing records and that he has already satisfied his tax liability for those years. At the hearing, the Government argued that there are outstanding assessments for the years at issue and that Morse has not complied with the Summons and produced the document requested or provided the testimony required.

Courts have jurisdiction to issue appropriate process for the enforcement of Internal Revenue Service ("IRS") summons pursuant to 26 U.S.C. §§7402(b) and 7604(a). Therefore, Morse's argument that this Court lacks jurisdiction is without merit.

The IRS need not meet a probable cause standard to obtain enforcement of its summons. *United States v. Powell*, 379 U.S. 48, 57-8 (1964). To obtain judicial enforcement of a summons, the IRS must show the following:

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within

the Commissioner's possession, and that the administrative steps required by the Code have been followed.

*United States v. Powell*, 379 U.S. at 57-8, *see also United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993). The Government's burden is minimal and may be met by providing a sworn affidavit of the agent who issued the summons and who attests to the facts. *United States v. Medlin*, 986 F.2d at 466. Revenue Officer C. Lewis provided a sworn Declaration in support of the Petition. (See, Doc. 1, Exh. 1). In her Declaration, Revenue Officer Lewis stated that she was conducting an investigation into the collection of federal income tax liability of Morse for the years 1996, 1997, and 1998, which is a legitimate purpose for an investigation. (Doc. 1, Exh. 1, ¶2). Revenue Officer Lew issued the Summons to Morse for him to provide testimony and documents that furthered the investigation. (Doc. 1, Exh. 1, ¶8). The Summons requested information that was relevant to the investigation. The Petition asserts that the requested documents are not in the possession of the IRS. (Doc. 1, ¶10). Further , Ms. Lewis states in her Declaration that she has complied with all administrative steps required by the Internal Revenue Code for the issuance of the summons. (Doc.1, Exh. 1, ¶9). The Government has met its burden.

The burden then shifts to "'the party contesting the summons to disprove one of the four elements of the government's *prima facie* case or convince the court that enforcement of the summons would constitute an abuse of the court's process.'" *Medlin*, 986 F.2d at 466-7, (quoting *La Mura v. United States,*, 765 F.2d 974, 979-80 (11th Cir. 1985)). The burden on the party contesting the summons is a heavy one and requires allegations of specific facts and the introduction of evidence. *United States v. Leventhal*, 961 F.2d 936, 939 (11th Cir. 1992). Morse's arguments that the assessments and tax liability is unfounded does not "disprove" one of the four elements of the Government's case. Therefore, Morse has failed to meet his burden.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Motion to Vacate Order to Show Cause (Doc. 4) be denied.

2) The Petition to Enforce Internal Revenue Service Summons (Doc. 1) be granted.

3) That Robert S. Morse be granted sixty (60) days to appear before a Revenue Officer, or any other designated officer of the Internal Revenue Service and give testimony and produce for examination and copying all documents in his possession that are responsive to the Summons issued on October 4, 2004.

4) If Robert S. Morse fails to appear and give testimony or fails to produce the documents within that sixty (60) day period, then upon Motion by the United States, an order be entered requiring Robert S. Morse to appear before a district judge upon a day certain to show cause why he should not be adjudged in contempt of court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __14th__ day of May, 2007.

*Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record