# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

        **Petitioner,**

**-vs-**                                                      **Case No.  2:07-cv-229-FtM-34DNF**

**ROBERT S. MORSE,**

        **Respondent.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:**     **MOTION TO QUASH IRS SUMMONS (Doc. No. 16)**
>
> **FILED:**       **May 24, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The Respondent, Robert Morse is requesting that the Court quash the Internal Revenue Summons issued on October 4, 2004, by the Internal Revenue Service ("IRS").  Mr. Morse argues that the investigation was not conducted for a legitimate purpose and proper administrative steps were not followed.  Mr. Morse asserts that the Revenue Office fabricated the tax liabilities of Mr. Morse.  The Petitioner, the United States of America ("United States") argues that this Court lacks jurisdiction to

consider the Motion to Quash IRS Summons, and even if the Court had jurisdiction, the Motion is lacking in merit based upon Mr. Morse contesting that validity of the underlying assessment.

This action was commenced by the United States filing a Petition to Enforce Internal Revenue Summons (Doc. 1) pursuant to 28 U.S.C. §§7402(b) and 7604(a) on March 1, 2007. The Summons is to obtain information to aid in the collection of Mr. Morse's tax liability for the tax years 1996, 1997, and 1998. The Summons requested that Morse provide for examination books, records, papers and other data relating to the tax liability or the collection of tax liability for these years as well as provide testimony. The Court held a hearing on the Petition on May 9, 2007. After the hearing, the Court entered a Report and Recommendation (Doc. 10) finding that the United States met its burden under *United States v. Powell*, 379 U.S. 48 (1964). Further, the Court found that Mr. Morse had not met his burden in contesting the summons. *See*, *United States v. Medlin*, 986 F.2d 463 (11th Cir. 1993) and *United States v. Leventhal*, 961 F.2d 936 (11th Cir. 1992). The Court recommended that the Petition to Enforce Internal Revenue Service Summons be granted and Mr. Morse be required to comply with the Summons. The Report and Recommendation is pending.

In the instant Motion to Quash, Mr. Morse cites to 26 C.F.R. §301.6203-1 in support of his request to quash the IRS subpoena. He argues that the Revenue Officer failed to properly consider his amended 1040 form when assessing tax liability for the years 1996, 1997, and 1998. The United States asserts that this Court lacks jurisdiction over the action. This section does not provide jurisdiction for Mr. Morse to quash a subpoena, and Mr. Morse has failed to cite to a statute which allows a person summoned, to quash an Internal Revenue Service Summons. As stated in the Report and Recommendation (Doc. 10), the Government's burden in an enforcement action is:

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within

>the Commissioner's possession, and that the administrative steps required by the Code have been followed.

*United States v. Powell*, 379 U.S. at 57-8, *see also United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993).  The Government has a minimal burden that can be met by a sworn affidavit of a revenue officer.  *United States v. Medlin*, 986 F.2d at 466.  The revenue officer in this case provided a sworn affidavit, and this Court concluded in the Report and Recommendation (Doc. 10) that the United States had met its burden.

The burden then shifts to Mr. Morse to prove that the Government did not meet its burden by disproving one of the four elements required in the *United States v. Powell*, *supra*, case.  See, *Medlin*, 986 F.2d at 466-7, (quoting *La Mura v. United States,*, 765 F.2d 974, 979-80 (11th Cir. 1985)).  The burden on Mr. Morse is a heavy one and requires allegations of specific facts and the introduction of evidence.  *United States v. Leventhal*, 961 F.2d 936, 939 (11th Cir. 1992).  Mr. Morse asserts in his Motion to Quash, that he filed an amended 1040 form and that the underlying tax assessment should be based on his amended 1040 return.  Mr. Morse claims that based on 26 C.F.R. §301.6203-1, the revenue officer did not comply with the "administrative steps" by failing to assess the amount of tax based upon his amended 1040 return.  In this case, however, the only issues before the Court are the issues raised in the Petition to Enforce the Internal Revenue Summons, and whether the summons should be quashed as raised in the Motion to Quash, not a determination of the merits of Mr. Morse's tax liability.  *See*, *Chapman v. Everson*, 2006 WL 2864372, * 6 (M.D. Fla. 2006).  Mr. Morse has failed to show that the revenue officer did not comply with the administrative steps to enforce the summons.  Therefore, the Court recommends that the Motion to Quash IRS Summons be denied.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Motion to Quash IRS Summons (Doc. 16) be denied.

2) The Reply (Doc. 19) be stricken pursuant to Local Rule 3.01(c) which prohibits a party from filing a reply without leave of Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  4th   day of June, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record