**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

                Petitioner,

vs.                           Case No.  2:07-cv-229-FtM-34DNF

ROBERT S. MORSE,

                Respondent.
_____/

# O R D E R

**THIS CAUSE** is before the Court on (1) Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 10, First R&R), entered on May 14, 2007; (2) Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 20; Second R&R), entered on June 4, 2007; (3) Respondent's Objection to Order (Dkt. No. 26; Motion for Reconsideration), filed on July 24, 2007; and (4) Respondent's Motion to Strike United States of America's Response to Respondent's Objection to Report and Recommendation (Dkt. No. 28; Motion to Strike Response to Second R&R), filed on August 6, 2007.

## I.    BACKGROUND

On March 1, 2007, the United States of America ("United States") filed a Petition to Enforce Internal Revenue Summons (Dkt. No. 1; Petition) against Respondent.  See generally Petition.  In the Petition, the United States represents that Revenue Officer C. Lewis is conducting an investigation for the collection of Respondent's individual federal income tax liabilities for the years 1996, 1997, and 1998, and, in furtherance of this

investigation, Revenue Officer C. Lewis issued an Internal Revenue Service summons to Respondent, pursuant to 26 U.S.C. § 7602[1], which directed Respondent to provide testimony and produce for examination books, records, papers, and other data relating to his tax liability or the collection of his tax liability for these years. See Petition at 2. The United States maintains that Respondent has failed to comply with the summons. See id. Revenue Officer C. Lewis provided a sworn Declaration in support of the Petition. See id. at Exh. 1.

On March 8, 2007, Judge Frazier entered an Order to Show Cause (Dkt. No. 3; OTSC). In the OTSC, Judge Frazier directed Respondent to appear at a hearing on May 9, 2007, and show cause why he should not be compelled to comply with the summons. See id. at 1. Judge Frazier also directed Respondent to provide a written response to the Petition within ten days of receiving the OTSC. See id.

On April 9, 2007, Respondent filed a Motion to Vacate Order to Show Cause (Dkt. No. 4; Motion to Vacate). As discussed by Judge Frazier in the First R&R, see First R&R at 2, Respondent raised the following arguments in the Motion to Vacate: (1) Petitioner's investigation "is premised upon an uncertified and fraudulent Notice of Federal Tax Lien"; (2) Petitioner's claim that Respondent owes federal income tax for the years at issue "is unfounded, invalid, and without merit"; (3) Petitioner lacks standing because it agreed that the 1040 Forms Respondent filed for the years at issue were correct; and (4) this Court lacks jurisdiction over the instant action. See Motion to Vacate at 1-2.

---

[1] Section 7602(a) provides, inter alia, that a summons may be issued "[f]or the purpose of ascertaining the correctness of a return [or] determining the liability of any person for any internal revenue tax . . ." 26 U.S.C. § 7602.

### A.     The R&Rs and Related Filings

After conducting a hearing on May 9, 2007, Judge Frazier entered the First R&R recommending that the Petition be granted and the Motion to Vacate be denied.  See First R&R at 4.  Respondent did not file objections to the First R&R.  However, he did file a Motion to Quash IRS Summons (Dkt. No. 16; Motion to Quash) on May 24, 2007.  In the Motion to Quash, Respondent asserts for the first time that the Petitioner is not conducting the investigation for a legitimate purpose.  See Motion to Quash at 1.  He also contends for the first time that Revenue Officer C. Lewis violated the administrative steps outlined in 26 C.F.R. § 301.6203-1 by failing to consider the amended returns he filed in assessing his tax liability for the years 1996, 1997, and 1998.[2]  See Motion to Quash at 3.  The United States filed a response in opposition to the Motion to Quash, asserting that this Court lacks jurisdiction to consider the Motion to Quash.  See United States of America's Response in Opposition to Respondent's Motion to Quash IRS Summons (Dkt. No. 18; Response to Motion to Quash), filed on May 25, 2007, at 2.  Without seeking leave of Court, Respondent filed a reply to the Response to Motion to Quash.  See Respondent's Reply to Petitioner's Response in Opposition to Motion to Quash IRS Summons (Dkt. No. 19; Reply), filed on May 30, 2007.

On June 4, 2007, Magistrate Judge Frazier entered the Second R&R (Dkt. No. 30; Second R&R), recommending that the Motion to Quash be denied and the Reply stricken. See Second Report at 4.  On June 14, 2007, Respondent filed his objections to the Second

---

[2] In the Motion to Quash, Respondent notes that he filed amended tax returns for 1996, 1997, and 1998, after the summons was issued.  See Motion to Quash at 2.

R&R.  See Objection to Magistrate Report and Recommendation Regarding Motion to Quash IRS Summons (Dkt. No. 21; Objections).  In his Objections, Respondent argues that the Fourth and Fifth Amendments and 28 U.S.C. § 1331 give this Court jurisdiction to quash the summons.  See id. at 1.  In addition, Respondent maintains that, in the Declaration, Revenue Officer C. Lewis falsely swore that she was attempting to collect his tax liabilities. See id.  Moreover, Respondent reasserts his argument that Revenue Officer C. Lewis failed to comply with 26 C.F.R. § 301.6203-1 by not updating her tax assessment records after he filed the amended returns.  See id. at 2.[3]

On July 19, 2007, the Court entered an Order (Dkt. No. 25) directing the United States to file a response to the Objections to the Second R&R on or before July 30, 2007. The United States filed its response to the Objections to the Second R&R on July 30, 2007. See United States of America's Response to Respondent's Objection to Report and Recommendation (Dkt. No. 27; Response).  In the Response, Petitioner argues that neither the Fourth or Fifth Amendments or 28 U.S.C. § 1331 provide this Court with jurisdiction to quash an Internal Revenue Service summons.  See Response at 2.  Petitioner also contends that the fact that Respondent filed amended income tax returns for the years at issue has not bearing on the instant action.  See id. at 3.

Respondent filed a motion to strike Petitioner's Response on August 6, 2007.  See Motion to Strike Response to Second R&R.  In the Motion to Strike Response to Second

---

[3]  In the Objections, as well as other filing in this case, Respondent contends that, pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, Petitioner has admitted the facts and arguments contained in the Motion to Quash by not responding to "the subject matter contained in [his] argument." As noted by Petitioner, Rule 8 does not apply to motions.  See Fed.R.Civ.P. 8(d).

R&R, Respondent argues that 26 U.S.C. § 7602 is not law but evidence of other statutes that were previously enacted. See id. at 3.[4]  He later contends that 26 U.S.C. § 7602 is not applicable to him because he has not refused or neglected to file tax returns for the years at issue. See id. at 3-6.  Based on the foregoing, Respondent maintains that the Declaration is "factually insufficient" because Revenue Officer C. Lewis fails to allege that he owes federal taxes for the years at issue and does not explain how her authority to issue summons, pursuant to 26 U.S.C. § 7602, extends to him given the fact that he has not refused to file tax returns for the years at issue. See id. at 1, 7.

**B.      Motion to Strike Declaration and Related Filings**

Respondent filed a motion to strike the Declaration on June 26, 2007. See Motion to Strike (Dkt. No. 22; Motion to Strike Declaration).  In the Motion to Strike Declaration, Respondent asserts that the Declaration contains conclusions of law without supporting facts.  See id. at 1.  Respondent also contends that, because 26 U.S.C. § 7602 is not applicable to him, Revenue Officer C. Lewis did not have the authority to issue the summons under § 7602.  See id. at 2-5.

On July 17, 2007, Judge Frazier entered an Order (Dkt. No. 24; Order) denying the Motion to Strike Declaration.  See Order at 1.  In the Order, Judge Frazier noted that he had previously reviewed the Declaration and found that it was sufficient for the Petitioner to meet its burden.  See id. at 1.  On July 24, 2007, Respondent filed his objections to the Order, which this Court construes as a motion for reconsideration.  See Motion for Reconsideration.

---

[4] Respondent also raises this argument in the Motion to Strike Declaration. See Motion to Strike Declaration at 2.

In the Motion for Reconsideration, Respondent argues that the Order was clearly erroneous and contrary to law because the Declaration "is factually insufficient on its face." See id. at 1. Respondent maintains that, in the Declaration, Revenue Officer C. Lewis fails to allege that he owes federal taxes for the years at issue and does not explain how her authority to issue summons, under 26 U.S.C. § 7602, extends to him when he has not refused to file tax returns for the years at issue. See id. Thus, Respondent asks the Court to reconsider the Order. See id.

## II.    Discussion

As noted above, Magistrate Judge Frazier has entered two R&Rs in the instant action. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections to findings of facts are timely filed, the district court will conduct a de novo review of those facts. Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

Upon de novo review, the Court will overrule the objections  and adopt the legal and factual conclusions recommended by Judge Frazier in the First and Second R&Rs. However, before doing so, the Court will address some of the arguments raised by Respondent in the Objections, Motion to Strike Response to Second R&R, and Motion for Reconsideration. The Court will first address Respondent's argument that Revenue Officer C. Lewis failed to follow the administrative steps outlined in 26 C.F.R. § 301.6203-1 by not updating her tax assessment records after Respondent filed amended tax returns for the years at issue. See Objections at 2. The Court notes that the administrative steps that Revenue Officer C. Smith was required to follow in order for the government to meet its

6

burden under <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964) were the administrative steps related to the issuance of an IRS summons, including notice and mailing requirements. <u>See</u> <u>Chapman v. Everson</u>, Nos. 6:05-cv-1789-Orl-19JGG, 6:05-cv-1872-Orl-19JCC, 2006 WL 2864372, at *5 (M.D. Fla. Sept. 8, 2006), adopted by <u>Chapman v. Everson</u>, Nos. 6:05-cv-1789-Orl-19JGG, 6:05-cv-1872-Orl-19JCC, 2006 WL 3196814, at *5. These administrative procedures do not include any requirement regarding the manner in which tax assessments should be determined. <u>See</u> <u>id.</u>  Moreover, "the validity of an assessment may not be challenged in a summons enforcement proceeding." <u>See</u> <u>United States v. Harper</u>, 662 F.2d 335, 336 (5th Cir. Nov. 23, 1981) (per curiam).[5]

As noted above, Respondent also contends that 26 U.S.C. § 7602 is not law and the Declaration is " factually insufficient on its face." <u>See</u> Motion to Strike Response to Second R&R at 3;  Motion to Strike Declaration at 2.  The Court finds Respondent's contention that 26 U.S.C. § 7602 is not law to be utterly without merit.  In addition, a plain reading of § 7602 demonstrates that Respondent's argument that the Internal Revenue Service may only summon the records of individuals who have failed to file tax returns is without merit. <u>See</u> 26 U.S.C. § 7602.  Thus, Revenue Officer C. Lewis possessed the authority to issue the summons under 26 U.S.C. § 7602.  In addition, as the Internal Revenue Service was not required to establish  Respondent's tax liability prior to issuing the summons, <u>See</u> <u>United States v. McAnlis</u>, 721 F.2d 334, 336 (11th Cir. 1983), Revenue Officer C. Lewis was not required to allege in her Declaration that Respondent owes federal taxes for the years at

---

[5] In <u>Stein v. Reynolds Securities, Inc.</u>,667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all of the post September 31, 1981 decisions of Unit B of the former Fifth Circuit.

issue.   Nevertheless, the Court notes that the record reflects that Respondent has outstanding assessments for taxes, penalties, and interest for tax years 1996, 1997, and 1998.   Moreover, as noted by Judge Frazier, the Declaration provided by Revenue Officer C. Lewis establishes that Petitioner was conducting the investigation for a legitimate purpose, namely, the collection of Respondent's tax liability for the years 1996, 1997, and 1998.  See First R&R at 3; Petition, Exh. 1 at 1; see also McAnlis, 721 F.2d at 336 (stating that the IRS "has a statutory duty to inquire after persons who may be liable for the payment of taxes.").

Based upon an independent examination of the record and a de novo review of the legal conclusions, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge Frazier in the First and Second R&Rs.  The Court also finds that the Motion for Reconsideration and the Motion to Strike Response to Second R&R are **due to be denied**.  Accordingly, it is hereby

**ORDERED:**

1.   Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 10, First R&R) is **ADOPTED**.

2.   The United States of America's Petition to Enforce Internal Revenue Summons (Dkt. No. 1) is **GRANTED**.

3.   Respondent's Motion to Vacate Order to Show Cause (Dkt. No. 4) is **DENIED.**

4.   Respondent's Objection to Magistrate Report and Recommendation Regarding Motion to Quash IRS Summons (Dkt. No. 21) is **OVERRULED**.

5.      Respondent's Motion to Strike United States of America's Response to Respondent's Objection to Report and Recommendation (Dkt. No. 28) is **DENIED**.

6.      Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 20) is **ADOPTED**.

7.      Respondent's Motion to Quash IRS Summons (Dkt. No. 16) is **DENIED**.

8.      Respondent's Reply to Petitioner's Response in Opposition to Motion to Quash IRS Summons (Dkt. No. 19) is **STRICKEN**.

9.      Respondent's Objection to Order (Dkt. No. 26), which this Court construes as a motion for reconsideration, is **DENIED**.

10.     All pending motions are **DENIED as MOOT**, and the Clerk of the Court is directed to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this 14th day of November, 2007.


**MARCIA MORALES HOWARD**
United States District Judge


lc3


Copies to:

Pro Se Parties
Counsel of Record

9